JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar Number: 7709
JEAN RIPLEY
Assistant United States Attorney
501 Las Vegas Blvd. S., Suite 1100
Las Vegas, Nevada 89101
702-388-6336
Allison.Reese@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>SALVADOR LOPEZ,<br><br>Defendant. | Case No. 2:19-CR-279-RFB-BNW-1<br><br>PETITION FOR ACTION ON CONDITIONS OF PRETRIAL RELEASE |

Attached hereto and expressly incorporated herein is a Petition for Action on Conditions of Pretrial Release concerning the above-named defendant prepared by Samira Barlow, Sr. U.S. Pretrial Services Officer. I have reviewed that Petition and believe there is sufficient credible evidence which can be presented to the Court to prove the conduct alleged, and I concur in the recommended action requested of the Court.

Dated this 3RD day of November, 2022.

JASON FROERSON
United States Attorney

/s/Allison Reese
ALLISON REESE
Assistant U.S. Attorney

PS 8
(Revised 12/04)

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF NEVADA

U.S.A. vs. Salvador LOPEZ                                          Docket No. 2:19-CR-279-RFB-BNW-1

Amended Petition for Action on Conditions of Pretrial Release

    COMES NOW SAMIRA A. BARLOW, SR. U.S. PRETRIAL SERVICES OFFICER, presenting an official report upon the conduct of defendant Salvador Lopez. The defendant appeared before U.S. Magistrate Judge Cam Ferenbach on February 3, 2020, October 7, 2021, for his initial appearance and detention hearing. At that time, he was ordered released on a Personal Recognizance Bond with the following conditions of release:

1. The defendant shall report to U.S. Pretrial Services for supervision.
2. The defendant shall satisfy all outstanding warrants within 60 days and provide verification to Pretrial Services or the supervising officer.
3. The defendant shall surrender any passport and/or passport card to U.S. Pretrial Services or the supervising officer.
4. The defendant shall not obtain a passport or passport card.
5. Travel is restricted to State of Nevada.
6. The defendant shall maintain current residence and may not move prior to obtaining permission from the Court, Pretrial Services or the supervising officer.
7. The defendant shall maintain or actively seek lawful and verifiable employment and notify Pretrial Services or the supervising officer prior to any change.
8. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapons.
9. The defendant shall submit to any testing required by Pretrial Services or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and may include urine testing, a remote alcohol testing system and/or any form of prohibited substance screening or testing. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is/are required as a condition of release.
10. The defendant shall pay all or part of the cost of the testing program based upon his ability to pay as Pretrial Services or the supervising officer determines.
11. The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
12. The defendant shall not be in the presence of anyone using or possessing a narcotic drug or other controlled substances.
13. The defendant shall participate in a program of inpatient or outpatient substance use therapy and counseling if Pretrial Services or the supervising officer considers it advisable.
14. The defendant shall pay all or part of the cost of the substance use treatment program or evaluation based upon his ability to pay as determined by Pretrial Services or the supervising officer.
15. The defendant shall submit to a mental health evaluation as directed by Pretrial Services or the supervising officer.

16. The defendant shall participate in mental health treatment as directed by Pretrial Services or the supervising officer.
17. The defendant shall pay all or part of the cost of the medical or psychiatric treatment program or evaluation based upon his ability to pay as determined by Pretrial Services or the supervising officer.

On May 28, 2020, U.S. District Judge Richard F. Boulware, II modified the defendant's bond permitting him to travel and reside in the state of Texas.

**Respectfully presenting petition for action of Court and for cause as follows:**

1. On June 30, 2022, the defendant tested positive for the presence of cocaine.
2. On August 12, 2022, the defendant admitted to using cocaine on June 28, 2022.
3. On August 12, 2022, the defendant tested positive for cocaine.
4. On October 25, 2022, the defendant tested positive for the presence of cocaine.
5. On October 27, 2022, the defendant tested positive for the presence of cocaine.
6. On October 31, 2022, , the defendant tested positive for the presence of cocaine.

**PRAYING THAT THE COURT WILL ORDER THAT A SUMMONS BE ISSUED BASED UPON THE ALLEGATIONS OUTLINED ABOVE.  FURTHER, THAT A HEARING BE SET TO SHOW CAUSE WHY PRETRIAL RELEASE SHOULD NOT BE REVOKED.**

**ORDER OF COURT**

Considered and ordered this 4th day of November 2022 and ordered filed and made a part of the records in the above case.

Honorable Richard F. Boulware, II
U.S. District Judge

I declare under penalty of perjury that the information herein is true and correct. Executed on this 4th day of November, 2022.

Respectfully Submitted,

Samira A. Barlow SPB
Sr. U.S. Pretrial Service Officer
Place: Las Vegas, Nevada